John Fitzpatrick Vannucci (SBN 174329)
LAW OFFICES OF JOHN F. VANNUCCI
1388 Sutter St., Suite 605
San Francisco, CA 94109
T: (415) 981-7500
F: (415) 981-5700
jfv@jfvlaw.com

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
T: (510) 463-3350
F: (510) 463-3349
gkaton@katon.law

**ATTORNEYS FOR PLAINTIFF
TUESDAY EMMA HUGHES**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUESDAY EMMA HUGHES, | Case No. 3:26-cv-4284 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| JOSEPH JORDAN, HEINRICH CUDDY, CITY OF SAN RAFAEL, and DOES 1-10, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff Tuesday Emma Hughes, files this Civil Rights Complaint against Defendants

Joseph Jordan, Heinrich Cuddy, and City of San Rafael, based upon the following:

## I.    INTRODUCTION

1.      This is a police brutality case where Plaintiff Hughes was walking away from

Defendant Officers Joseph Jordan and Heinrich Cuddy in downtown San Rafael while Defendant

COMPLAINT                                                                                          Page 1

Cuddy told her to stop. A third officer was also on the scene. Defendant Cuddy, a Corporal, caught up to Plaintiff as Defendant Jordan, a few steps behind, ran up and did a leg sweep on Plaintiff, taking her legs out from under her. Both officers pushed Plaintiff to the ground as she fell. As a result, Plaintiff cracked her head against the pavement with such force that it caused her a brain bleed.

2.      Defendants Cuddy and Jordan's high level of force used on Plaintiff was excessive, to say the least. Further, the officers made no plan to try to arrest Plaintiff safely. Plaintiff, a 5 foot, 2 inch-tall woman, was not suspected of any serious crime and was neither violent nor threatened violence. The lack of planning and excessive force violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. The Defendant Officers' lack of planning and excessive force were part of a practice or custom of Defendant City of San Rafael, which failed to adequately train the Defendant Officers and ratified their constitutional violations.

## II.   JURISDICTION AND VENUE

3.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

4.      Divisional Assignment: Pursuant to Local Rule 3-2(d), this case is properly venued in the San Francisco Division or the Oakland Division of this Court, as a substantial part of the events or omissions giving rise to the claims occurred in Marin County.

## III.   PARTIES

5.      Plaintiff Hughes was at all times relevant to this case a resident of San Rafael.

6.      Defendant Joseph Jordan was, at all times relevant to this Complaint, a San Rafael Police Officer, acting under color of state law.

7.      Defendant Heinrich Cuddy was, at all times relevant to this Complaint, a San Rafael Police Officer, acting under color of state law.

8.      Defendant City of San Rafael is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the San Rafael Police Department.

COMPLAINT                                                                      Page 2

9.    The true names and capacities of the Defendants Does 1 through Does 10 are unknown to Plaintiff who therefore sues those Defendants by such fictitious names. Plaintiff further alleges that each of the Doe Defendants is in some manner responsible for the acts and occurrences in this Complaint. Plaintiff will amend this Complaint to show their true names and capacities when they are ascertained, as well as the manner in which each Doe Defendant is responsible.

## IV.    FACTS

10.    San Rafael Police Officer Heinrich Cuddy approached Plaintiff during the evening of May 14, 2024. She was in the parking lot of a small shopping center in downtown San Rafael, singing and clapping her hands.

11.    Plaintiff is 5 feet, 2 inches tall and was wearing a t-shirt and shorts.

12.    Defendant Cuddy began asking Plaintiff questions and walking slowly toward her. As he did, Plaintiff moved away from him.

13.    As Defendant Cuddy continued approaching and Plaintiff continued walking away, they left the parking lot, moved on to the sidewalk, and crossed the street at a crosswalk. Defendant Cuddy told Plaintiff to stop as they were walking.

14.    Around the time they crossed the street, two other officers arrived at the scene: Defendant Joseph Jordan and Officer Edwin Ajquiy. They got out of their police cruiser and within moments were near Plaintiff and Cuddy.

15.    The officers did not suspect Plaintiff of any serious crime – only willful resistance for not stopping as instructed.

16.    At no time did the officers have reason to believe Plaintiff had a weapon. She was wearing a tight-fitting t-shirt and shorts and did not, in fact, have a weapon.

17.    Plaintiff was not violent nor did she threaten violence.

18.    Plaintiff posed no real threat to the officers.

COMPLAINT                                                                                          Page 3

19.   After Defendant Jordan and Officer Ajquiy arrived, Defendant Cuddy did not make a plan to apprehend Plaintiff safely. For example, he did not plan for the three officers to contain Plaintiff, which would have been safer for the suspect, the officers, and the public.

20.   Defendant Cuddy also did not make a plan for how to safely arrest and handcuff Plaintiff, such as a multi-officer takedown or controlled take down.

21.   Instead, Defendant Cuddy did the most dangerous thing he could have done, which is chase Plaintiff and thereby escalate the danger, without giving any direction to the other officers.

22.   Defendant Cuddy quickly caught up to Plaintiff and Jordan was right behind them. Jordan grabbed Plaintiff and did a leg sweep so that her legs came out from under her. As Plaintiff was falling, both Cuddy and Jordan threw Plaintiff to the ground with greater force that gravity was already providing.

23.   Defendants Jordan and Cuddy threw Plaintiff to the ground with such force that she cracked her head on the pavement, causing a brain bleed.

24.   Plaintiff's brain injury caused her severe pain, nausea, confusion, memory loss, depression, cognitive impairment, and other harm.

### V.   CLAIMS

**COUNT ONE: Excessive Use of Force – 42 U.S.C. § 1983 (Defendant Joseph Jordan)**

25.   Defendant Jordan acted under color of state law when arresting Plaintiff.

26.   Defendant Jordan's use of force against Plaintiff deprived her of the right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

27.   Defendant Jordan's conduct was an actual cause of Plaintiff's injuries.

**COUNT TWO: Supervisory Liability – 42 U.S.C. § 1983 (Defendant Heinrich Cuddy)**

28.   Defendant Cuddy acted under color of state law when arresting Plaintiff.

29.   Defendant Cuddy was the highest-ranking officer at the scene of Plaintiff's arrest and was, therefore, the supervisor of the subordinate officers.

30.     Defendant Cuddy's failure to supervise Defendant Jordan and Officer Edwin Ajquiy during the arrest and his use of force against Plaintiff deprived her of the right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution.

31.     Defendant Cuddy failed to instruct the two other officers at the scene how to approach Plaintiff to safely stop and arrest her. Chasing her, escalating the danger, and sweeping her legs so her head hit the ground with such force that it caused her a brain bleed was an unreasonably dangerous way to arrest Plaintiff. Defendant Cuddy provided no supervision to the other offers to safely stop and arrest Plaintiff. In fact, he started the dangerous foot chase.

32.     Defendant Cuddy's failures described above actually caused subordinate Officer Jordan to deprive Plaintiff of her Fourth Amendment rights.

33.     Defendant Cuddy's conduct was so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

**COUNT THREE: Excessive Use of Force – 42 U.S.C. § 1983 (City of San Rafael)**

34.     Defendants Cuddy and Jordan's constitutional violations described above were pursuant to a practice or custom of Defendant City of San Rafael.

35.     Defendant City of San Rafael's practice or custom is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

36.     In addition, Defendant City of San Rafael's policies were not adequate to train its police officers to handle the usual and recurring situation of arresting a non-threatening suspect who walks away from officers.

37.     Defendant City of San Rafael was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately.

38.     The failure of Defendant City of San Rafael to prevent violations of law by its police officers and provide adequate training played a substantial part in bringing about or actually causing the injury to Plaintiff.

COMPLAINT                                                                                          Page 5

39. The San Rafael Police Department had final policymaking authority from Defendant City of San Rafael concerning the acts and failures to act of Defendants Jordan and Cuddy.

40. The San Rafael Police Department ratified Defendants Jordan and Cuddy's acts and failures to act. That is, the San Rafael Police Department knew of and specifically made a deliberate choice to approve the acts and failures to act of Defendants Jordan and Cuddy and the bases for those acts and failures to act.

**VI.    JURY DEMAND**

Plaintiff demands trial by jury.

**VII.    CONCLUSION**

WHEREFORE, Plaintiff demands judgment in her favor, including:

i.    General and specific damages in an amount according to proof;

ii.    Exemplary damages against Defendants Cuddy and Jordan;

iii.    Costs, interest, and attorney fees;

iv.    Such other and further relief in favor of Plaintiff as is just and proper.

Dated: May 8, 2026                    Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
GLENN KATON

LAW OFFICES OF JOHN F. VANNUCCI
John Fitzpatrick Vannucci

Attorneys for Plaintiff

COMPLAINT                                                                 Page 6