**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ROBERT M. FERRIER, SB# 310708
  E-Mail: Robert.Ferrier@lewisbrisbois.com
ALEXANDER M. MAVROGIANIS, SB# 350199
  E-Mail: Alexander.Mavrogianis@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile:

Attorneys for Defendants JOSEPH JORDAN;
HEINRICH CUDDY; CITY OF SAN RAFAEL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| TUESDAY EMMA HUGHES,<br><br>       Plaintiff,<br><br>       vs.<br><br>JOSEPH JORDAN, HEINRICH CUDDY, CITY OF SAN RAFAEL, and DOES 1-10,<br><br>       Defendants. | Case No. 26-CV-04284 VC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:       None Set |

Defendants JOSEPH JORDAN, HEINRICH CUDDY, and CITY OF SAN RAFAEL, by and through the undersigned counsel, in answer to Complaint  (DOC 5) of Plaintiff TUESDAY EMMA HUGHES ("Plaintiff"), hereby admit, deny and otherwise answer as follows:

## I.    INTRODUCTION

1.    As to the allegations of paragraph 1, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

2.    Defendants deny the allegations of Paragraph 2.

## II.    JURISDICTION AND VENUE

3.    Paragraph 3 is a legal assertion and requires no response.

4.    Defendants admit the allegations of Paragraph 4.

## III.    PARTIES

5.    Defendants admit the allegations of Paragraph 5.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6.      Defendants admit the allegations of Paragraph 6.

7.      Defendants admit the allegations of Paragraph 7.

8.      Defendants admit the allegations of Paragraph 8.

9.      Paragraph 9 is a legal statement and requires no response.

## IV.    FACTS

10.     Defendants admit the allegations of Paragraph 10.

11.     Defendants admit the allegations of Paragraph 11.

12.     As to the allegations of paragraph 12, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

13.     As to the allegations of paragraph 13, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

14.     As to the allegations of paragraph 14, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

15.     As to the allegations of paragraph 15, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

16.     As to the allegations of paragraph 16, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

17.     As to the allegations of paragraph 17, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

18.     As to the allegations of paragraph 18, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

19.     As to the allegations of paragraph 19, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

20.     As to the allegations of paragraph 20, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

21.     As to the allegations of paragraph 21, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

22.     As to the allegations of paragraph 22, Defendants are without sufficient information

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

to admit or deny the allegations and therefore deny the same.

23.     As to the allegations of paragraph 23, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

24.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

## V.     CLAIMS

### COUNT ONE

### Excessive Use of Force – 42 U.S.C. § 1983 (Defendant Joseph Jordan)

25.      As to the allegations of paragraph 25, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

26.     As to the allegations of paragraph 26, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

27.     As to the allegations of paragraph 27, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

### COUNT TWO

### Supervisory Liability – 42 U.S.C. §1983 (Defendant Heinrich Cuddy)

28.      As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

29.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

30.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

31.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

32.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

33.     As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## COUNT THREE

### Excessive Use of Force – 42 U.S.C. § 1983 (City of San Rafael)

34.    Defendants deny the allegations of Paragraph 34.

35.    As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

36.    As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

37.    As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

38.    As to the allegations of paragraph 24, Defendants are without sufficient information to admit or deny the allegations and therefore deny the same.

## AFFIRMATIVE DEFENSES

This answering Defendant alleges the following separate and distinct affirmative defenses:

1.    Defendant asserts all defenses and all rights granted to it by virtue of the provisions of California Government Code § 810 through 996.6 inclusive. Defendant is therefore entitled to immunity from liability for any allegations based upon state law.

2.    Defendant asserts that any actions taken by its employees relative to the Plaintiff were taken in a Good Faith and well-intended effort to protect him from potential self-inflicted harm, and with reasonable and probable cause.

3.    Defendant asserts that the Plaintiff was himself careless and negligent in and about the matters described in said Complaint by allegedly covering himself with a flammable liquid and threatening to use a lighter, and that such negligence and carelessness on the part of the Plaintiff proximately caused the damages he seeks herein, if any there are.

4.    That Plaintiff PJ Hall assumed the risk of serious or fatal injury by allegedly covering himself with a flammable substance and holding a lighter and refusing to relinquish the lighter, said actions being a direct cause of any injuries he suffered and any loss of consortium that may have resulted.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

5.      Defendants assert that at all times its agents and employees acted in Good Faith. Good Faith is a defense to allegations of violation of state law, such as those contained in the Fourth, Fifth, and Eighth, Causes of Action.

6.      Defendants assert that it is immune from liability by reason of the provisions of the California Penal Code, including but not limited to §§ 834a, 835, 835a, 836, 836.5, 847 and Civil Code § 43.55.

7.      Defendant asserts that if defendants, or any of them, are adjudged, decreed, or otherwise determined to be liable to plaintiff, then and in that event, defendant will be entitled to apportion the degree of its fault or responsibility for said incident attributable to the plaintiff or to any other defendants named herein or yet to be named. The amount of damages attributable to this answering defendant is to be abated, reduced, or eliminated to the extent that plaintiffs' own negligence, or the negligence of any other defendant, contributed to the plaintiff's claimed damages, if any there were. This apportionment of damages is to be administered in accordance with the principles of equity and pursuant to the doctrine of comparative negligence and pursuant to Civil Code Section 1431.2.

8.      That at all times mentioned in the complaint on file herein, and immediately prior to, Defendant by and through its employees, acted with probable cause.

9.      That Plaintiffs have failed to mitigate their damages.

10.     The plaintiffs willfully and wrongfully provoked the altercation in which they were involved, and said provocation by plaintiffs were a cause of the injuries and damages allegedly sustained.

11.     Plaintiffs were guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

12.     The Plaintiffs willfully and wrongfully provoked an altercation in which they were involved, and said provocation by plaintiffs was a cause of the injuries and damages allegedly sustained.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VI.    <u>PRAYER</u>

Wherefore, Defendants request the following relief:

1.    That Plaintiff's Complaint be dismissed in its entirety without leave to amend and Plaintiff takes nothing by way of her Complaint;

2.    That Defendants be henceforth dismissed from this matter with prejudice;

3.    That judgment be entered in favor of Defendants and against Plaintiff;

4.    That Defendants be awarded attorney's fees and costs of suit incurred under and by virtue of the laws stated above; and

5.    For such other and further relief as the Court deems just and proper.

## VII.    <u>DEMAND FOR JURY TRIAL</u>

Defendant respectfully demands that all issues of fact `be tried herein by and before a jury.

DATED:  July 28, 2026                LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
ROBERT M. FERRIER
ALEXANDER M. MAVROGIANIS
Attorneys for Defendants JOSEPH JORDAN;
HEINRICH CUDDY; CITY OF SAN RAFAEL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180851915.1                6                Case No. 26-CV-04284 VC
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**FEDERAL COURT PROOF OF SERVICE**
Tuesday Emma Hughes v. Joseph Jordan et al
26-CV-04284 VC

STATE OF CALIFORNIA

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2485 Natomas Park Drive, Suite 450, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 28, 2026, I served the following document(s):

- DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

***Counsel for Plaintiff***
John Fitzpatrick Vannucci
LAW OFFICES OF
1388 Sutter St., Suite 605
San Francisco, CA  94109
jfv@jfvlaw.com

Glenn Katon
KATON LAW
385 Grand Avenue, Suite 200
Oakland, CA  94610
gkaton@katon.law

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 28, 2026, at Sacramento, California.

_Koreen L. Janus_
Koreen L. Janus

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW