John Fitzpatrick Vannucci (SBN 174329)
LAW OFFICES OF JOHN F. VANNUCCI
1388 Sutter St., Suite 605
San Francisco, CA 94109
T: (415) 981-7500
F: (415) 981-5700
jfv@jfvlaw.com

Glenn Katon (SBN 281841)
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
T: (510) 463-3350
F: (510) 463-3349
gkaton@katon.law

ATTORNEYS FOR PLAINTIFF
TUESDAY EMMA HUGHES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TUESDAY EMMA HUGHES<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH JORDAN; HEINRICH CUDDY; CITY OF SAN RAFAEL; and DOES 1-10,<br><br>Defendants. | Case No.  3:26-cv-04284-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties file this Joint Case Management Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Court's Order Setting Initial Case Management Conference.

1.      **Jurisdiction and Service**: Subject-matter jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Division under Civil L.R. 3-2(d) because a substantial part of the events giving rise to the claims occurred in Marin County. Defendants Joseph Jordan,

Heinrich Cuddy, and the City of San Rafael have answered the Complaint. Defendants Does 1-10 remain unidentified and unserved.

2. **Facts**:

Plaintiff:

On the evening of May 14, 2024, Plaintiff Hughes, a woman 5'2" tall, wearing a t-shirt and shorts, was in the parking lot of a small shopping center in downtown San Rafael, singing and clapping. Corporal Heinrich Cuddy approached and began questioning her. Ms. Hughes walked away from Cuddy, and the encounter moved from the parking lot to the sidewalk and across a crosswalk as Cuddy told her to stop. Officer Joseph Jordan and a third officer, Edwin Ajquiy, arrived by patrol car and were on scene within moments.

Ms. Hughes was not suspected of any serious crime, was unarmed, non-violent, made no threats, and posed no real threat to the officers or the public. Rather than developing a plan for a safe, controlled, multi-officer apprehension, Corporal Cuddy chased Ms. Hughes on foot, escalating the danger of the encounter without coordinating with the other officers on scene.

Officer Jordan grabbed Ms. Hughes and did a leg sweep on her. As she fell, Cuddy and Jordan pushed her to the ground with force beyond what gravity alone would have produced. Ms. Hughes's head struck the pavement with such force that it caused a brain bleed. She was diagnosed with a subdural hematoma and a nondisplaced occipital skull fracture and was admitted to the intensive care unit at Marin General Hospital with a neurosurgery consult, rather than being booked into custody.

Defendants:

Defendants made multiple attempts to communicate with Plaintiff and were rebuffed. Plaintiff refused reasonable requests from the officers on several occasions. In the end, officer undertook reasonable measures to restrain Ms. Hughes.

Principal factual issues in dispute:

All or almost all of Plaintiff's interactions with Defendants are captured on video. The disputes will likely focus on the significance of those interactions. Defendants may also dispute the extent of Plaintiff's injuries.

3. **Legal Issues**: (1) Whether Officer Jordan's use of force was objectively unreasonable in violation of the Fourth Amendment (42 U.S.C. § 1983); (2) whether Corporal Cuddy is liable as a supervisor under § 1983 for his direction of, and failure to supervise, the encounter; (3) whether the City of San Rafael is liable under the *Monell* case for an unconstitutional custom or practice, failure to train, and/or ratification; and (4) the nature and amount of damages.

4. **Motions**: There are no prior or pending motions. Plaintiff may move to amend the complaint to name Doe defendants once they are identified through discovery.

5. **Amendment of Pleadings**: Plaintiff anticipates possibly amending the complaint to substitute the true names of Does 1-10 after discovery. Plaintiff proposes a deadline to amend pleadings of October 7, 2026.

6. **Evidence Preservation**: The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**: The parties will exchange Initial Disclosures under Rule 26(a)(1) within 14 days of the Case Management Conference.

8. **Discovery**: No discovery has been taken to date. Plaintiff anticipates written discovery and depositions of the involved officers and relevant medical and expert discovery. Plaintiff does not presently propose limits on discovery beyond the default rules. Defendants do not anticipate discovery beyond the default rules.

9. **Class Actions**: Not applicable.

10. **Related Cases**: Not applicable.

11. **Relief**: Plaintiff seeks general and special damages according to proof, including for traumatic brain injury, medical expenses, pain and suffering, emotional distress, and cognitive impairment; exemplary damages against Defendants Jordan and Cuddy; and costs, interest, and attorney fees under 42 U.S.C. § 1988.

12. **Settlement and ADR**: Plaintiff is amenable to ADR believes settlement discussions will be most productive with a Magistrate Judge after initial disclosures and core use-

of-force and medical discovery. Defendants agree that ADR is appropriate following disclosures.

13. **Consent to Magistrate Judge For All Purposes**: The parties have declined Magistrate Judge jurisdiction; the case has been reassigned to District Judge Vince Chhabria.

14. **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: The parties have no issues to narrow by agreement or motion at this early stage of the case.

16. **Expedited Trial Procedure**: This is not the type of case suited to the Expedited Trial Procedure of General Order No. 64, Attachment A.

17. **Scheduling**: The parties propose the following schedule:

Fact discovery cutoff: March 15, 2025

Expert disclosures: April 5, 2027

Expert rebuttal disclosures: April 29, 2027

Hearing of dispositive motions: May 10, 2027

Pretrial conference: August 16, 2027

Trial: August 30, 2027

18. **Trial**: The case will be tried to a jury. Plaintiff estimates the trial will last approximately five court days.

19. **Disclosure of Non-party Interested Entities or Persons**: All parties have filed their Certification of Conflicts and Interested Entities or Persons pursuant to Civil L.R. 3-15 and there are no interests to report beyond the named parties.

20. **Professional Conduct**: All attorneys of record for Plaintiff have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. The parties are not aware at this time of other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted,

KATON.LAW                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Glenn Katon                              /s/Robert Ferrier
Glenn Katon                                  Robert Ferrier

LAW OFFICES OF JOHN F. VANNUCCI              ATTORNEYS FOR DEFENDANTS JOSEPH
John Fitzpatrick Vannucci                    JORDAN, HEINRICH CUDDY, and CITY OF
                                             SAN RAFAEL
ATTORNEYS FOR PLAINTIFF
TUESDAY EMMA HUGHES